STATE of Minnesota, Respondent,

v.

Benjamin CAMERON, Appellant.

No. C8–85–363.

Court of Appeals of Minnesota.

June 11, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Scott A. Hersey, Asst. Isanti Co. Atty., Cambridge, for respondent.

J. Richard Baldwin, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Benjamin Cameron appeals the sentence entered after a plea of guilty to criminal sexual conduct in the second degree. Cameron claims (1) the trial court erred by imposing the 60-day jail sentence as a condition of his probation and (2) the sentence is an upward dispositional and durational departure from the sentencing guidelines because he cannot comply with the terms of probation. We affirm.

## FACTS

In October 1984, Cameron pleaded guilty in Isanti District Court to criminal sexual conduct in the second degree under Minn. Stat. § 609.343(a). The parties reached a plea agreement similar to an earlier plea agreement where defendant pleaded guilty to two counts of intrafamilial sexual abuse in the second degree in Anoka County. The plea agreement consisted of Cameron's agreement to (1) pay for any treatment, therapy, or counseling of the three children involved, one in Isanti County and two in Anoka County; (2) establish an initial $3,000 restitution trust fund for the payment of the counseling expenses; (3) plead guilty to second degree criminal sexual conduct with the understanding the trial court would impose the presumptive sentence under the guidelines, which would include a stay of execution of the sentence but could require up to one year in jail; and (4) participate in psychological evaluations and follow any recommended treatment.

Pursuant to the State's motion, a sentencing hearing was held in February 1985. Testimony was taken concerning Cameron's ability to pay restitution. An Anoka County probation officer, Cameron and others were questioned about Cameron's financial resources. Cameron's 1983 tax return indicated his interest income was $5,247.67. In December 1984, Cameron's checking account had a balance of $3,834. One witness testified Cameron had a box of money at home, had shown her two checkbooks with balances of $20,000, and often bragged about his money. Cameron denied the claims concerning his financial well-being. He claimed many of his bank accounts are now closed because the money was spent on medical bills for him and his wife. Appellant did not provide an accounting of the medical costs. Cameron claimed his interest income in 1984 was $1,719.41.

Testimony was also taken concerning Cameron and his wife's health. Cameron testified he had a heart condition, emphysema, was operated on for cancer, and that his wife was in poor health and needed his daily assistance. No medical evidence was offered to corroborate Cameron's testimony. A psychological report was submitted which described Cameron as a hypochondriac. It recommended the court not discard the possibility of jail time because of his age or physical condition. The report also concluded Cameron was not amenable to treatment and that he believed his victims were promiscuous and incited his behavior.

The trial court imposed the presumptive sentence of 30 months incarceration with execution stayed. Cameron was placed on probation for 15 years on the condition he (1) spend 60 days in county jail; (2) establish a $3,000 restitution fund with Anoka County Corrections for the costs of treatment, counseling and therapy of the victims; (3) pay a $2,000 fine within a year; (4) have no contact with the child victims unless their parents are present; (5) never be alone with a child under 16; and (6) engage in out-patient counseling if determined necessary by the probation officer. If the restitution fund goes below $1,000, an additional $1,000 is to be put in the

fund. Any remaining proceeds from the fund would be returned to Cameron, his heirs or assignees when the Isanti County victim reaches 18. Cameron was 78 at the time of sentencing.

## ISSUES

1. Did the trial court abuse its discretion by imposing a 60-day jail sentence as a condition of Cameron's probation?

2. Is the practical effect of the sentence an upward dispositional and durational departure from the sentencing guidelines?

## ANALYSIS

■ 1. Cameron alleges the trial court erred by imposing a 60-day jail term as a condition of probation. The record clearly reflects that Cameron understood the trial judge was to determine the sentence and could include up to a year in jail. Trial courts may require a defendant to serve up to a year of incarceration in a county jail as a condition of probation. Minn.Stat. § 609.135, subd. 4 (1984). Although Cameron claims to be in poor physical health, no medical evidence was offered corroborating these claims. Other evidence indicated he may be feigning or exaggerating his health condition. A psychological report also indicated Cameron was not amenable to treatment. Cameron has three felony convictions for sexual abuse of children. A 60-day jail term as a condition of probation is not an abuse of discretion and did not violate the parties' plea agreement.

■ 2. Cameron alleges (1) the sentence is an upward dispositional and durational departure from the sentencing guidelines because the fine of $2,000 and the restitution fund are beyond his financial means and (2) an investigation should have been undertaken to determine his financial resources. Cameron's claims are without merit. Cameron's plea agreement specifically acknowledged that he would pay for the counseling, therapy and treatment of the victims and would initially establish a $3,000 restitution trust fund for that purpose. Lengthy testimony was taken at the sentencing hearing concerning Cameron's financial condition. The trial court had sufficient evidence to impose the terms and conditions of Cameron's probation. The terms of probation are not more onerous than the actual sentence itself and did not amount to a dispositional or durational departure from the sentencing guidelines.

## DECISION

The trial court did not abuse its discretion by imposing a 60-day jail sentence as a condition of probation. The terms of probation were not an upward departure from the sentencing guidelines.

Affirmed.